NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 28 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PALOMAR HEALTH,<br><br>　　　　Plaintiff-Appellant,<br><br>　v.<br><br>AMERICAN GUARANTEE AND<br>LIABILITY INSURANCE COMPANY;<br>MORGAN JACKSON,<br><br>　　　　Defendants-Appellees. | No.　21-56073<br><br>D.C. No.<br>3:21-cv-00490-BEN-BGS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted July 26, 2022[**]
San Francisco, California

Before:  M. MURPHY,[***] GRABER, and McKEOWN, Circuit Judges.

In this insurance coverage dispute arising under our diversity jurisdiction,

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

　　[***]　　The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Plaintiff Palomar Health appeals the dismissal of its complaint. "We review de novo a dismissal under Rule 12(b)(6), and we can affirm on any ground supported by the record." Thompson v. Paul, 547 F.3d 1055, 1058–59 (9th Cir. 2008). Under California law, "interpretation of an insurance policy is a question of law." Waller v. Truck Ins. Exch., Inc., 900 P.2d 619, 627 (Cal. 1995), as modified on denial of reh'g (Oct. 26, 1995). We affirm.[1]

1. All of Plaintiff's alleged losses fall under exclusions in the insurance policies. Plaintiff's claims rely on losses resulting from (1) the presence of the COVID-19 virus on its property or (2) government orders.

To the extent that Plaintiff's claims rely on the presence of "Coronavirus and COVID-19 particles" on its property, those claims are barred by the policies' contamination exclusions. The insurance policies' contamination exclusions apply to "any cost due to Contamination including the inability to use or occupy property" and define contamination to include "[a]ny condition of property due to the actual presence of any . . . virus . . . ." Although each policy contains an amendatory endorsement that removes the word "virus" from the exclusion, those special endorsements apply only to property in Louisiana. Because Palomar does not allege any loss or harm to property in Louisiana, the contamination exclusion applies.

---

[1] Appellant's Motion for Certification, Docket No. 44, is DENIED.

To the extent that Plaintiff's claims rely on its compliance with government orders related to the COVID-19 pandemic, the claims are barred by the policies' government-order exclusions. Those exclusions apply to "[l]oss or damage arising from the enforcement of any law, ordinance, regulation or rule regulating or restricting . . . occupancy, operation, or other use . . . ."

2.  Because the policies did not cover the alleged losses, Plaintiff also fails to state a claim against Defendant Morgan Jackson.[2] Plaintiff asserts that Defendant Jackson's representations that several of Plaintiff's losses were not covered resulted in Plaintiff's making business decisions that damaged it. But, as described above, the losses were not covered, and thus Plaintiff could not have suffered damages based on Defendant Jackson's representations.

**AFFIRMED.**

---

[2] Although the district court declined to rule on whether Plaintiff stated a claim against Defendant Jackson, we are not precluded from reaching this question. See Quinn v. Robinson, 783 F.2d 776, 814 (9th Cir. 1986) ("We have discretion to decide whether to address an issue that the district court did not reach if the question is a purely legal one and the record has been fully developed prior to appeal."). Because we hold that Plaintiff fails to state a claim against Defendant Jackson, we need not review the district court's conclusions concerning personal jurisdiction.